**UNITED STATES of America,**
**Plaintiff(s),**

v.

**Robert GARGANESE, North American Enterprises, et al., Defendant(s).**

No. 93–NCR–13 S.

United States District Court,
D. Utah,
Central Division.

July 1, 1994.

Stan H. Olsen, Asst. U.S. Atty., Salt Lake City, UT, Alan J. Joaquin, U.S. Dept. of Justice, Fraud Section, Daniel Schneider, U.S. Dept. of Justice, General Litigation & Legal Advice, Washington, DC, for plaintiff.

David Z. Chesnoff, Goodman & Chesnoff, Las Vegas, NV, for defendant.

## MEMORANDUM & ORDER

BOYCE, United States Magistrate Judge.

Defendants, Robert Garganese and North American Enterprises, have made a motion for severance of their prosecution on the superseding indictment in this case from that of the other defendants (File Entry # 334). The motion alleges defendants North American and Garganese are charged in counts 36 through 52 of the indictment (this applied to a prior indictment) and in two forfeiture counts, 53 and 54. The defendants allege that North American and Garganese are not charged in Counts 1–35 which pertain only to other defendants. Count 1 is a conspiracy count under 18 U.S.C. § 371 (File Entry # 341). North American and Garganese are not charged in Count 1. At hearing the government agreed with the movants that they did not have knowledge of the criminal activities of the other defendants. A superceding indictment has been returned since the defendants' motion was made and the counts have changed. The reference is to the counts in the superceding indictment.

Defendants North American and Garganese contend they are misjoined with the other codefendants. It is also asserted that the joinder is prejudicial because Richard Hart, a codefendant, would provide testimony in a separate trial that would tend to exonerate North American and Garganese, but Hart will not testify at a joint trial. An affidavit from Hart has been provided (File Entry # 335, sealed). This aspect of the motion need only be considered if joinder is otherwise proper. North American and Garganese also contend there is a conflict of defenses. A memorandum was submitted by movants along with their motion. The motion was made on April 15, 1994. A superceding indictment was issued on April 20, 1994. Hearing was held on the motion to sever, North American and Garganese were afforded argument and an opportunity to submit supplemental briefing on the motion to sever in light of the superceding indictment. An additional supplement to the motion was submitted by Garganese and North American (File Entry # 414) at the request of the court in order to consider the case of *United States v. Valdez*, 149 F.R.D. 220 (D.Utah 1993) as that case may have application to this motion. The United States has not submitted a response to the motion to sever, except at the hearing on defendants' motion.

### Superceding Indictment

Count one of the superceding indictment (hereinafter indictment) charges a conspiracy under 18 U.S.C. § 371. Neither Garganese or North American are charged in this count. Counts 2–95 allege wire fraud schemes (18 U.S.C. § 1343) schemes conducted by some or all of the persons named in the conspiracy count. Count 96 charges bank fraud perpetrated against First Security Bank (18 U.S.C. § 1344). Defendant Richard Steven Hart who is charged in count 1, is charged along with others in this count. Neither Garganese or North American are mentioned in count 96.

In counts 92–99 other defendants, including defendant Richard S. Hart, are charged with a violation of 18 U.S.C. § 1957, engaging in a monetary transaction in property derived from an unlawful activity. Garganese and North American are not alleged to be involved in these transactions. Counts 100–105 also charge other defendants than the movants with violations of 18 U.S.C. § 1956(a)(1)(A)(i), money laundering.

Counts 106–115 charge defendants and movants Garganese and North American with bank fraud in violation of 18 U.S.C. § 1344. Counts 1–96 are incorporated by reference (See Rule 7(c)(1) F.R.Cr.P.). The allegations against Garganese and North American therefore allege the conspiracy and wire fraud activities of the other defendants enumerated in counts 1–96. However, movants are not alleged to be involved in counts 1–96. The allegations in counts 106–115 as-

sert Garganese was the co-owner and president of defendant North American. In May, 1989 and March, 1990, Garganese signed merchant participation agreements with Valley Bank of Nevada (Ind. p. 47). This allowed processing of credit card drafts and exchanges through a merchant account. The agreements provided North American could not present for deposit or processing any paper not originated as a result of an act between a cardholder and *North American.* A third company's credit transaction through North American was supposedly prohibited. In addition, to the merchant participation agreements, North American had a security agreement with Valley Bank of Nevada which defined factoring as a bank card transaction from a source other than the merchant. The agreement prevented factoring from any other businesses. Only records of transactions between the merchant, North American, and a bona fide card holder were to be presented. These standards were also reinforced by a merchant operating guide provided to North American from Valley Bank of Nevada.

It is alleged that on or about February 1, 1990 First Security Bank would not allow defendant Y.E.S.S. Co. to process sales drafts on a merchant's account with that bank. It is alleged North American and Garganese "executed" a scheme and artifice to defraud Valley Bank of Nevada by agreeing to assist defendant Y.E.S.S. Co. in continuing its telemarketing operations.[1] Garganese and North American entered into service agreements with Y.E.S.S. Co. whereby it would buy products from North American and it would receive payment from Y.E.S.S. Co. North American would bill the customers of Y.E.S.S. Co. and the purchaser's credit card. Y.E.S.S. Co. and North American would not claim to be an association or partner of the other. This factoring arrangement from February 1990 through August 1991 involved three (3) million dollars of Y.E.S.S. Co. sales, drafts, and credit slips

submitted to Valley Bank of Nevada through the North American merchant account. Counts 106–115 are deposit amounts of Y.E.S.S. Co. transactions which Garganese and North American caused to be deposited through the Valley Bank of Nevada merchant's account. None of these deposits identified in the indictment specifically reflect any of the transactions or acts alleged in counts 2–96 involving the other defendants.

Counts 116–122 also refer to North American and Garganese. These counts reallege counts 106–115. These counts charge monetary transactions through the Valley Bank of Nevada in criminally derived property of a greater value than $10,000. They allege the property to be from a specified unlawful activity being the conduct in counts 106–115 not the conduct involved in counts 1–96. They charge obtaining cashiers checks on various dates from September 18, 1990 to October 30, 1990 and the transfer of the checks to Y.E.S.S. Co.

Counts 130 is a forfeiture count against only Garganese and North American.

*Discussion*

The first question for resolution is whether the counts are properly joined. The alleged misconduct of defendants North American and Garganese is separate from that of the first 105 counts involving Y.E.S.S. Co. and the other named defendants. The defendants contend the circumstances as alleged in the indictment do not provide a proper basis for joinder of the defendants under Rule 8(b) F.R.Cr.P. In this case, the statutory violations are different against Garganese and North American than against the other defendants. There is no contention by the government that Garganese and North American knew of any illegal telemarketing activity of Y.E.S.S. Co.[2] or the other defendants. It appears that the essence of the charges against Garganese and North American was the factoring of Y.E.S.S. Co.'s tele-

---

1. No facts as to this allegation are presented. However, the government agreed Garganese and North American had no knowledge of any illegal action of Y.E.S.S. Co. The act of movants was not to facilitate the alleged crimes of the Y.E.S.S. Co. defendants.

2. No knowledge is alleged in Counts 1–96 of the indictment of Garganese and North American's conduct.

marketing sales through the North American merchant's account to obtain funds for Y.E.S.S. Co. for its sales and to provide payment to North American for Y.E.S.S. Co.'s purchase of North American's products. The transactions in counts 1–95 are only obscurely related with those in counts 106–115.

Rule 8(b) F.R.Cr.P. governs the joinder of charges when multiple defendants are involved. *United States v. Riebold,* 557 F.2d 697, 707 (10th Cir.1977); *United States v. Eagleston,* 417 F.2d 11 (10th Cir.1972); *United States v. Jackson,* 562 F.2d 789 (D.C.Cir. 1977); *United States v. Corbin,* 734 F.2d 643 (11th Cir.1984); *United States v. Valdez,* 149 F.R.D. 223 (D.Utah 1993). The question of misjoinder is a question of law for the court, *United States v. Cardall,* 885 F.2d 656, 667 (10th Cir.1989). Under Rule 8(b) F.R.Cr.P. joinder of defendants is proper "if they are *alleged* to have participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses"; *United States v. McClure,* 734 F.2d 484 (10th Cir.1984). All the defendants need not be charged in each count, but the rule seems to contemplate that at least one defendant should be charged in a count where other defendants are also charged. Defendants North American and Garganese are not charged in counts 1–105. They are not charged in the conspiracy in count one which would have justified the joinder. *United States v. Jorgenson,* 451 F.2d 516, 522 (10th Cir.1971); *United States v. Heath,* 580 F.2d 1011 (10th Cir.1978); *United States v. Dickey,* 736 F.2d 571 (10th Cir.1984). In counts 106–115 only defendants Robert Garganese and North American are charged. Although Y.E.S.S. Co. is named, it is not charged or named as a conspirator. None of the other defendants are charged in counts 106–122. In counts 116–122 only Garganese and North American are charged, no other defendant is charged and only Y.E.S.S. Co. is mentioned. Neither Garganese or North American is named in counts 123–129. They do not involve the movants.

The issue is whether there is sufficient factual connection pled between Garganese and North American and the other defendants in the indictment to show a participation in the *same* act or transaction or the *same* series of acts or transactions "constituting an offense or offenses."

Where there is a general interrelationship of the offenses, joinder is proper. *United States v. Jones,* 578 F.2d 1332 (10th Cir.1978). If defendants have engaged in the same act or series of acts constituting an offense or offenses, joinder is proper. *United States v. Krohn,* 573 F.2d 1382 (10th Cir.1978). In *United States v. Cardall,* supra, the court referred to an "ongoing series of *interconnected* illegal transactions amounting to the operation of a criminal enterprise." 885 F.2d at p. 668. It has been said that joinder is proper where the conduct of the joined defendants is "hand in glove" with each other. *United States v. Beathune,* 527 F.2d 696 (10th Cir.1975); *United States v. Rogers,* 652 F.2d 972 (10th Cir.1981). If the conduct is part of one overall conspiracy, joinder is proper, *United States v. Bridwell,* 583 F.2d 1135 (10th Cir.1978), even if the conduct of the participants was varied. *United States v. Petersen,* 611 F.2d 1313, 1331 (10th Cir.1979). There must be a logical relationship between the offenses, a commonality must be involved. It has been said the "litmus test" for joinder under Rule 8(b) F.R.Cr.P. is whether a "common thread" links acts to each other and some of the defendants. *United States v. McLain,* 823 F.2d 1457, 1467 (11th Cir.1987). This position was adopted in *United States v. Rogers,* 921 F.2d 975 (10th Cir.1990) where defendant protested joinder where three counts charged conduct related to another defendant. *Id.* p. 984. They were however connected in a conspiracy charge. The court said:

> The test for a proper joinder is a common thread to each of the defendants. See *United States v. McLain,* 823 F.2d 1457, 1467 (11th Cir.1987). This link between joined defendants may be established by common evidence as to various counts.

However, "common evidence" must be read in the context of the conspiracy charged in that case. If in this case if there was joint participation of Garganese and North American in the bank fraud, along with another

defendant, that circumstance could justify joinder, *United States v. Cooper*, 464 F.2d 648 (10th Cir.1972), or if there were joint participants other than Garganese or North American in the same act or transaction *constituting* the fraud on the bank. *Id.* p. 655.

Federal courts have stated the standard for joinder under Rule 8(b) F.R.Cr.P. in several different ways but have required a common nexus. Annotation, *"What Constitutes Series of Acts or Transactions" for Purposes of Rule 8(b) of Federal Rules of Criminal Procedure, Providing for Joinder of Defendants Who Are Alleged to Have Participated in Same Series of Acts or Transactions"*, 62 ALR Fed. 106 (1983). "Joint Criminal Enterprise" is a term that has been used, *United States v. Martinez*, 479 F.2d 824 (1st Cir.1973); "Substantial identity of facts and participants," *United States v. Olin Corp.*, 465 F.Supp. 1120 (W.D.N.Y.1979); "common scheme," *Rakes v. United States*, 169 F.2d 739 (4th Cir.1948); "common plan", *United States v. Kennedy*, 564 F.2d 1329 (9th Cir. 1977); "common link," *United States v. De-Leon*, 641 F.2d 330, 337 (5th Cir.1981). It has been stated that joinder is proper where facts underlying "each offense" are "closely related" so that proof of the facts is necessary to establish each offense. *United States v. Coppola*, 788 F.2d 303 (5th Cir.1986). However, where the offenses involve separate and distinct schemes, they may not be joined for common prosecution under Rule 8(b). *United States v. Bledsoe*, 674 F.2d 647 (8th Cir.1982). It has been held the common scheme or plan or proof must constitute a "substantial" portion of the proof of the joined charges. *United States v. Grasso*, 55 F.R.D. 288, 291 (E.D.Pa.1972). See also *United States v. Roselli*, 432 F.2d 879, 899 (9th Cir.1970). A substantial identity of participants is not a basis for joinder. Mere proximity in time and space does not make an otherwise unrelated offense part of the same "act or series of acts or transactions." 1 Wright, *Federal Practice and Procedure, Criminal*, § 144 p. 506 (1982).

In *United States v. Eagleston*, 417 F.2d 11 (10th Cir.1969) the court found a misjoinder. The court found the offenses totally unconnected. One defendant was charged in two counts, the third defendant was charged in only one count in which the other codefendant was not charged. Since there was no common participation, reversal was ordered.

Although, liberal joinder is to be allowed under Rule 8(b), *United States v. Hopkinson*, 631 F.2d 665, 668 (10th Cir. 1980), in *United States v. Valdez*, supra, this court noted that "mere similarities between some actors or crimes does not show a common scheme or plan." 149 F.R.D. at 222. See also *United States v. Martinez*, 479 F.2d 824 (1st Cir.1973). In *Valdez*, it was also noted:

> However, the indictment must contain allegations showing the propriety of the joinder. *United States v. Bledsoe*, 674 F.2d 647 (8th Cir.1982); *United States v. Grassi*, 616 F.2d 1295 (5th Cir.1980); *United States v. Coppola*, 788 F.2d 303 (5th Cir.1986); *United States v. Morales*, 868 F.2d 1562 (11th Cir.1989). See also *United States v. Esch*, 832 F.2d 531, 537–38 (10th Cir.1987) ("... may be charged in the same indictment if they are **alleged** to have participated in the same series of acts or transactions.").

The basis of the joinder at the trial court level must appear on the face of the indictment. *Id.* p. 223; *United States v. Harrelson*, 754 F.2d 1153 (5th Cir.1985); *United States v. Grassi*, 616 F.2d 1295 (5th Cir. 1980); *United States v. Bledsoe*, supra. Rule 8(b) is a pleading rule. *United States v. Morales*, 868 F.2d 1562 (11th Cir.1989). If the indictment does not show a basis for joinder, severance must be granted.

In this regard, it should be noted that Rule 8(b) F.R.Cr.P. does not simply allow joinder because defendants have participated in the same act or transaction or series of acts and transactions, rather the acts and transactions must be involved in *"constituting* an offense or offenses." Similar evidence must be as to acts or transactions "constituting" the offense charged. Mere interrelationship of relevant evidence does not itself justify joinder. If however the evidence is as to conduct constituting the offense, then joinder is proper if the evidence is substantial.

■ In this case, Garganese and North American are not charged in counts 1–95 and no facts are alleged connecting Garganese and North American to any of the offenses alleged against Y.E.S.S. Co. or other defendants. Counts 96–105 are of the same nature. In counts 106–115 and 116–122, counts 1–96 are realleged pursuant to Rule 7(c) F.R.Cr.P., however, the facts in realleged counts 1–96 do not mention Garganese or North American nor are they a part of nor do they constitute any part of any of counts 106–122. Y.E.S.S. Co. is mentioned in counts 106–122 but no act of Y.E.S.S. Co. is alleged as an act or transaction *constituting* the fraud on Valley Bank of Nevada. Y.E.S.S. Co.'s conduct in counts 106–122 is not the *same* as that in counts 1–96. It is expressly alleged in ¶10 of the allegations to counts 106–115 that Y.E.S.S. Co. and Garganese and North American entered into service agreement whereby Y.E.S.S. Co. would buy products from North American and it would bill the purchaser buying from Y.E.S.S. Co. Those facts are not a part of an act *constituting* an offense under counts 1–96 or 105–116. These are acts independent of the actus reus of the charges. In their agreements, Y.E.S.S. Co. and North American disclaimed being the partner, agent, subsidiary or joint venture of the other. This agreement is not itself inculpatory. Garganese caused Y.E.S.S. Co. to send information from Ogden to North American in Las Vegas. The essence of the bank fraud in counts 105–116 was that Garganese would use the Y.E.S.S. Co. sales and drafts, and credit slips and factor them through the North American merchant account and not make disclosure to Valley Bank of Nevada. There is no allegation in the indictment that Y.E.S.S. Co. or any other defendant other than Garganese and North American participated in any concealment or was aware of any limitation of North American or the merchant's account with Valley Bank of Nevada. The conduct constituting the fraud in counts 106–115 is alleged to be the deposit of Y.E.S.S. Co. sales to the North American account. There is no allegation Y.E.S.S. Co. aided and abetted in Garganese or North American's scheme. As to these counts there is no act or transaction or series of acts or transactions of Y.E.S.S.

Co. "*constituting* " the offense. As pled, culpable acts were all those of Garganese and North American. The criminal conduct in counts 1–96 is distinct and separate from that in counts 106–115. *United States v. Eagleston,* supra; *United States v. Bledsoe,* supra. The facts connecting any defendant in other counts to counts 105–115 are only tangential. The charges against Garganese and North American are not interconnected by a common scheme with other defendants. If such a scheme existed with Y.E.S.S. Co. or its officers, it is not alleged in the indictment. The incorporation of counts 1–96 merely incorporates irrelevant matters as respects counts 106–155. The incorporation clause is not necessary to counts 106–115 and incorporates nothing which is part of common scheme. The pleading in the indictment is deficient to meet joinder standards for Rule 8(b) F.R.Cr.P. *Valdez,* supra. Although there is a "thread" it is too weak to support joinder. There is no substantial identity of acts or transactions constituting the offenses of the joinder defendants.

The same deficiency exists, though more obvious, in counts 116–122. As to these counts, defendants Garganese and North American are charged with purchasing cashiers checks from Valley Bank and sending them to Y.E.S.S. Co. Again these are separate and distinct from the acts and transactions constituting the offenses in counts 1–96. There is no conduct alleged by Y.E.S.S. Co. other than the same conduct mentioned in counts 106–115. In counts 116–122 Y.E.S.S. Co. merely received the money due it from its customer. It was Garganese and North American that allegedly acted in a money transaction with regard to the criminally derived property. The checks were derived through the fraud on the bank, but Y.E.S.S. Co. is not alleged to have participated in that fraud. There is no "thread" or nexus of an act or transaction between defendants constituting the offenses alleged in counts 116–122.

Based on an examination of the indictment it must be concluded that counts 105–122, and the forfeiture count 130, are misjoined with the other counts in the indictment and that Robert Garganese and North American's motion to sever should be granted. It

is unnecessary to consider defendants' motion on the basis of prejudice or that severance is necessary to enable Richard Steven Hart to testify for defendants Garganese and North American. Therefore,

IT IS HEREBY ORDERED that the motion of Robert Garganese and North American Enterprises to sever is granted. Counts 106–122 and count 130 are severed from the other counts of the indictment and will be separately tried.