UNITED STATES of America, Plaintiffs,

v.

Paul ALDANA, et al., Defendants.

No. 98–CR–122 S.

United States District Court,
D. Utah,
Central Division.

June 17, 1998.

Bruce Lubeck, Asst. U.S. Attorney, Salt Lake City, UT, for Plaintiff.

Gregory G. Skordas, Salt Lake City, UT, for Defendant.

## MEMORANDUM & ORDER

BOYCE, United States Magistrate Judge.

Defendant, Paul Aldana, has made a motion to sever his prosecution from that of two other defendants. Aldana has also made

a motion in limine to preclude the admission of out of court statements made by a codefendant to third persons that implicate the defendant.

The defendant Aldana contends that to admit the codefendant's statement would violate Aldana's right to confrontation under the Sixth Amendment. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); *Gray v. Maryland,* —— U.S. ——, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998).

■ The United States contends severance is not required because any statement, oral or written, made by a codefendant can be redacted, within the statement, to completely eliminate any reference to defendant or his existence. *Richardson v. Marsh,* 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). The United States also contends the confrontation issue does not exist because the codefendant Willard's statement to Maria Walton and Robin Doan implicating defendant Aldana is independently reliable and admissible as declaration against a third person's penal interest.[1] See Rule 804(b)(3). The issue for confrontation and other admissibility is three tiered. First, a confrontation issue is presented by the introduction of hearsay. *Tennessee v. Street,* 471 U.S. 409, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985). The second is whether the confrontation issue is overcome by showing the inherent reliability of the statement when made, *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), and third, whether the statement is admissible as an exception to the hearsay rule. Rule 804(b)(3) F.R.E.

As to the motion to sever, it should be denied. The government has represented that it can redact the statement of Willard and the testimony of Maria Walton or Robert Doan, to exclude any reference to Aldana or other codefendants. This will avoid the confrontation issue that might otherwise require severance.

*Richardson v. Marsh,* supra, *Gray v. Maryland,* supra. Further, if any codefendant testifies, that codefendant's out of court statement, to the declarant, would be subject to cross-examination by Aldana and no confrontation issue would exist. *Nelson v. O'Neil,* 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971); *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

■ However, as noted before, the government argues for the introduction of the statement of Willard without redaction. Under the doctrinal standards articulated in *Ohio v. Roberts,* supra, if the hearsay exception falls within a "firmly rooted hearsay exception" the "indicia of reliability" are deemed present to overcome a confrontation argument. If the exception is not a firmly rooted exception to the hearsay rule, "particularized guarantees of trustworthiness" must be shown before the statement will be admitted. *Id.* See Edward L. Kimball and Ronald N. Boyce, *Utah Evidence Law,* 8–39 (1996); Edward J. Imwinkelreied, et al., *Courtroom Criminal Evidence,* 2d Edition, § 1315 pp. 386–389.

The Supreme Court has side stepped a ruling on whether a statement against penal interest (804(b)(3)) is a firmly rooted hearsay exception. *Williamson v. United States,* 512 U.S. 594, 604, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994). The Court in *Williamson* did note that in *United States v. Seeley,* 892 F.2d 1, 2 (1st Cir.1989) that the Court of Appeals held the exception to be firmly rooted. However, it also noted that in *United States v. Flores,* 985 F.2d 770 (5th Cir.1993) another Court of Appeals appeared to reach an opposite conclusion. After noting the two cases, the Court in *Williamson* said, "We note, however, that the very fact that a statement is genuinely self-inculpatory which our reading of Rule 804(b)(3) requires, is itself one of the particularized guarantees of trustworthi-

---

1. After the robbery the three defendants, Willard, Salvo and Aldana went to the home of Aubrey Wiley and according to the government's memorandum (File Entry # 60 p. 3), defendants told Wiley "they had robbed the bank." Each defendant's statement is admissible as an admission under Rule 801(d)(2)(A) and (B) (adoptive admis-

sion). However, cautionary instructions must be given, and any portion of the statement not adopted by Aldana, under the circumstances, must be redacted out unless admissible under standards of *Lee v. Illinois,* infra, and Rule 804(b)(3) F.R.E.

ness." See *Lee v. Illinois,* 476 U.S. 530, 543–545, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986).

■ The Tenth Circuit recently addressed the issue in *Crespin v. State of New Mexico,* 144 F.3d 641 (10th Cir.1998). There at a state trial, a statement made by an accomplice to police while in custody was admitted against the defendant accomplice. The court held the admission of the in custody accomplice's statement was constitutional error. The court however, provided a questionable analysis. It referred to the Supreme Court's opinion in *Williamson,* in support of the analysis without noting that *Williamson,* was not a decision premised on the Constitution and that *Williamson* had clearly stated the court was interpreting the applicable Federal Rules of Evidence provision.[2] However, the Court of Appeals applying *Lee v. Illinois,* supra, concluded that there was a presumptive unreliability for a statement made to police, by an accomplice, as a means of spreading or shifting culpability, (144 F.3d at 645) and concluded the declarant's statement in *Crespin* was inadmissible. That circumstance is not involved in this case. The statement of Willard was not to the police.

In *United States v. Keltner,* 147 F.3d 662 (8th Cir.1998) the Eighth Circuit, in keeping with its position in *Berrisford v. Wood,* 826 F.2d 747, 751 (8th Cir.1987), held that Rule 804(b)(3) was a firmly rooted exception to the hearsay rule. The Court also held a codefendant's statement of involvement and as to the details of a robbery was admissible under 804(b)(3). Under the reasoning of that case, no confrontation problem would exist in this case.

In *Neuman v. Rivers,* 125 F.3d 315 (6th Cir.1997) the court in a *Bruton* argument context, held the admission of a nontestifying accomplice's statement to police did not violate the confrontation clause and that Rule 804(b)(3) was a firmly rooted exception to the hearsay rule. The statement of the code-

fendant did not directly implicate defendant but corroborated the victim's statement.

In *United States v. Barone,* 114 F.3d 1284 (1st Cir.1997) the court held that a statement admissible under Rule 804(b)(3) F.R.E. was a firmly rooted exception to the hearsay rule and that no confrontation issue was applicable in the case. The Court allowed the statement offered by the prosecution but imposed a corroboration requirement, 114 F.3d at 1300 n. 10 (citing cases from other circuits). See also *United States v. Saccoccia,* 58 F.3d 754 (1st Cir.1995); *United States v. Innamorati,* 996 F.2d 456 (1st Cir.1993); *United States v. Katsougrakis,* 715 F.2d 769, 776 (2d Cir.1983).

In *Earnest v. Dorsey,* 87 F.3d 1123 (10th Cir.1996) the Court avoided the firmly rooted issue in considering a habeas corpus petition from a New Mexico prisoner. The Court said the custodial statement of the codefendant given to police was not admissible unless there were "particularized guarantees of trustworthiness." *Id.* at 1131. The Court said that another court had construed its ruling in *Jennings v. Maynard,* 946 F.2d 1502, 1505–06 (10th Cir.1991) as saying the penal interest exception to the hearsay rule was firmly rooted, but the *Earnest* court said it was at best "dicta." The Court found the adequate guarantees of trustworthiness to be present in the case. The Court referred to *Williamson* but noted that the case did not address the confrontation issue. The Court said as to the effect of *Williamson:*

We need not resolve this dispute, however, as we see no inconsistency between the analysis of Boeglin's statement undertaken in accordance with the mandate of Lee and the Supreme Court's reasoning in Williamson. Williamson states that a "district court may not just assume for purposes of [the exception against penal interest] that a statement is self-inculpatory because it is part of a fuller confession," id. at 599, 114 S.Ct. at 2435, or because of its "proximity

---

**2.** New Mexico could interpret its own version of 804(b)(3) differently than that in *Williamson.* Many states have done so. A federal court on habeas corpus may only address the confrontation clause not the *Williamson,* standard. See *Earnest v. Dorsey,* 87 F.3d 1123 (10th Cir.1996) (particularized guarantees of trustworthiness re-

quired for custodial inculpatory statement to be admitted against accomplice). If a state has followed *Williamson,* no confrontation issue should exist. If not, an analysis under *Lee v. Illinois,* supra, and *Ohio v. Roberts,* supra, is required to show the requisite reliability.

to self-inculpatory statements," see *id.*, or because the statement is "collateral to a self-inculpatory statement," see *id.* Rather, "whether a statement is self-inculpatory or not can only be determined by viewing it in context" and "in light of all the surrounding circumstances." Id. at 601–02, 114 S.Ct. at 2436–37.

A position observing some contrary authority to the conclusion of a firmly rooted exception was referred to in *United States v. Dean*, 59 F.3d 1479 (5th Cir.1995) but the Court said the trend of authority and majority position was that the penal interest exception was firmly rooted. *Id.* at 1493 n. 24. The issue in this case was not involved in *Dean.*

Also finding the penal interest exception to the hearsay rule to be firmly rooted is *United States v. York*, 933 F.2d 1343 (7th Cir. 1991), holding therefore that there was no need to grant a defendant's motion for severance.

The weight of authority, post *Lee v. Illinois* and *Williamson*, supports the conclusion that the exception to the hearsay rule for a statement against penal interest is a firmly rooted exception to the hearsay rule. The federal rules have provided for the penal interest exception since 1975, 28 years, and the exception had prior acceptance and recognition. McCormick, *Evidence*, 4th Ed., Vol. 2 § 318 (1992). As is noted in McCormick, the nineteenth century exclusionary rule "certainly could not be justified on the ground that an acknowledgment of facts rendering one liable for criminal punishment is less trustworthy than an acknowledgment of a debt." Id. p. 340. The position supporting the utility of the exception had support from Professor Wigmore. 5 Wigmore, *Evidence* § 1477 (Chadbourne Rev.1974). Further, at least as far as federal prosecutions are con-

cerned, the rule is satisfactorily constitutionalized by *Williamson*. John J. Caposki, *Statements Against Interest, Reliability and the Confrontations Clause*, 28 Seaton Hall L.Rev. 471 (1977); *United States v. Bumpass*, 60 F.3d 1099, 1102 (4th Cir.1995).

■ The concept of "firmly rooted" should not be cast merely in an historical context but should be examined in light of accepted contemporary standards of evidence and rational probativeness. See Rule 102, F.R.E. When so applied it is concluded that that Rule 804(b)(3) F.R.E. is a firmly rooted exception to the hearsay rule and no confrontation violation would occur from the admission of Willard's statement against penal interest in this case. It was not made to police *United States v. Sasso*, 59 F.3d 341 (2d Cir. 1995), has indicia of trustworthiness and reliability, is corroborated by other evidence, and appears to be directly inculpatory.

In addition, where sufficient indicia of reliability are otherwise present, a statement against penal interest does not violate the confrontation clause. *Williamson*, supra; *Earnest v. Dorsey*, supra; *United States v. Vernor*, 902 F.2d 1182 (5th Cir.1990). Given the statement of Willard as represented by the government, no valid confrontation objection exists to the admission of the statement through the testimony of Maria Walton.[3]

■ The final question is whether the statement of Willard will meet the standards for admission under Rule 804(b)(3) as interpreted in *Williamson*, supra. This is a required assessment in a federal prosecution.

The United States has not addressed *Williamson* in its memorandum, but directed its attention to whether the statement of Willard to Maria Walton or Robert Doan would violate the confrontation clause.[4] However, even if the confrontation clause is not violat-

---

**3.** The Government suggests Ms. Walton may be an uncooperative witness. Although she may be impeached under Rule 607, F.R.E. by a prior inconsistent statement, an impeaching statement is *not* substantive evidence unless it meets the criteria of Rule 801(d)(1) F.R.E. Further, the inconsistent statement may not be used to put prejudicial evidence before the jury as though it were substantive proof. See Rule 403, F.R.E.

**4.** The position of the United States is explicable by the fact that defendant Aldana did not raise any other issue than confrontation and during oral argument on the motion to sever, the court referred the prosecutor to *Lee v. Illinois*, supra, as the controlling precedent and did not raise the hearsay admissibility issue. However, the issue cannot be ignored in considering the motion in limine of Aldana. This is especially the case in light of *Crespin*, infra.

ed, as the Court has determined, the evidence may still be inadmissible as hearsay unless it is comparable with *Williamson,* supra.

In *United States v. Elkins,* 70 F.3d 81 (10th Cir.1995) the Court held a declaration of a passenger to police as to what defendant had said to him about what to do with a shotgun was admissible as a statement against the passenger declarant's penal interest. The declarant was unavailable and declarant was on probation, and could have been implicated by the statement he made to the police. A *Williamson* analysis of the case was not made. See also *Jennings v. Maynard,* supra (declarant made statement as to a house defendant could rob. The case is pre *Williamson*).

*Williamson,* as it defined Rule 804(b)(3), corrects the concern addressed in *Lee v. Illinois,* supra, that the rule cannot admit an accomplice's confession which inculpates a defendant because the category of statement "defines too large a class for meaningful confrontation clause analysis." *Id.* 476 U.S. 530, 544 n. 5, 106 S.Ct. 2056, 90 L.Ed.2d 514. As noted before, *Williamson* ducked the constitutional issue and interpreted Rule 804(b)(3) F.R.E. narrowly for a federal prosecution. The court focused on the term "statement" in the Rule and defined the word in terms of a self-contained declaration and not an extended declaration. The case involved a federal prosecution for drug offenses. The hearsay declarant refused to testify at the defendant's trial. The court allowed into evidence the declarant's confession to a drug agent which implicated Williamson. The trial court had relied on Rule 804(b)(3) F.R.E. The Rule allows a hearsay declarant's statement to be received if at the time of making it "so far tended to subject the declarant to ... criminal liability ... that a reasonable person in declarant's position would not have made the statement unless believing it to be true."

The Court in *Williamson* said the statement at issue included inculpatory and noninculpatory expression about the declarant's accomplice. *Id.* at 599, 114 S.Ct. 2431. The Court said a "narrower reading" of the rule was necessary. The court said, "In our view the most faithful reading of Rule 804(b)(3) is that it does not allow admission of non-selfinculpatory statements, even if they are made within a broader narrative that is generally selfinculpatory." *Id.* at 600–01, 114 S.Ct. 2431. The question of whether a statement is "selfinclupatory or not can only be determined by viewing it in context." *Id.* at 603, 114 S.Ct. 2431. The "surrounding circumstances" must be examined. *Id.* at 604, 114 S.Ct. 2431. The Court remanded for determination as to how its construction was to be applied in the case. Collateral or selfserving declarations that implicate others must be excluded (Scalia J. concurring p. 607).

In this instance, Willard's own statement that he robbed the bank would fit under Rule 804(b)(3) and be admissible against Aldana. Because Willard is a primary actor and Aldana an accomplice the statement would be probative of Aldana's culpability. If a statement were made that "we" robbed the bank the statement would also be self inculpatory and admissible. The concerns of *Lee v. Illinois,* supra, are not present in such a situation. There is nothing in the expression that is collateral. This is why *Williamson's* narrow construction satisfies the concerns of *Lee* and justifies and supports a conclusion that the exception under 804(b)(3) F.R.E. is a firmly rooted hearsay exception and satisfies confrontation requirements.[5]

However, if the statement of Willard as to Aldana's involvement was not itself directly selfinculpatory, it would be outside the scope of the rule. In this case, the Government has not provided with sufficient exactness the expected testimony of Maria Walton or Robert Doan as to Williard's statement to adequately resolve the issue in limine. The police reports are insufficiently particular to

---

5. Different state constructions of a comparable numbered rule would have to meet the *Lee* analysis of reliability. See *Earnest v. Dorsey,* supra. *Williamson,* however, has no application to state rules and using its analysis other than in the context of a *Lee* confrontation analysis is inap-

propriate. However, if a state adopts *Williamson,* then the rule would be firmly rooted as well as meet the equivalent of inherent reliability and the confrontation issue would be narrowed to one of the correctness of the application of the standard.

make a correct determination. The issue under Rule 804(b)(3) should be resolved, out of the presence of the jury, in a pretestimony question and answer proffer by the witness (See Rule 103(a)(2) & (C), F.R.E.). Therefore, the motion in limine should be denied at this time.

■ The defendant, Paul Aldana, also argues the severance should be granted because of his alleged diminished role in the crime and that a joint trial would prejudice him. The prosecution arises out of a single criminal episode, an armed bank robbery, and the defendant Aldana is properly joined with the other defendants under Rule 8(b) F.R.Cr.P. *United States v. Cox,* 934 F.2d 1114, 1119 (10th Cir.1991); *United States v. Morales,* 108 F.3d 1213 (10th Cir.1997).

■ Rule 14, F.R.Cr.P. allows the court to sever defendants if the joinder is prejudicial, but generally where joinder is proper under Rule 8(b) F.R.Cr.P., sound judicial administration dictates all the defendants should be tried together. *Zafiro v. United States,* 506 U.S. 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993); *United States v. Wright,* 932 F.2d 868, 876 (10th Cir.1991); *United States v. Martinez,* 76 F.3d 1145 (10th Cir. 1996). To require a severance, strong prejudice must be shown. *United States v. Rogers,* 921 F.2d 975, 984 (10th Cir.1990). It must be "real" prejudice. *United States v. Youngpeter,* 986 F.2d 349, 353 (10th Cir. 1993). The burden of proof is on the moving party. *United States v. Muniz,* 1 F.3d 1018, 1023 (10th Cir.1993).

■ It is not enough for Aldana to contend his chances for an acquittal are better with a severance. *United States v. Dirden,* 38 F.3d 1131 (10th Cir.1994); *United States v. Peveto,* 881 F.2d 844, 857 (10th Cir.1989); *United States v. Hayes,* 861 F.2d 1225, 1231–32 (10th Cir.1988). This is especially so where joint accomplice liability is involved. A mere claim of possible spillover effect is not a basis for severance, *United States v. Rodriguez–Aguirre,* 108 F.3d 1228 (10th Cir.1997); *United States v. Janus Industries,* 48 F.3d 1548 (10th Cir.1995); *United States v. Scott,* 37 F.3d 1564, 1580 (10th Cir.1994); *United States v. Levine,* 983 F.2d 165, 167 (10th Cir.1992); *United States v. Bailey,* 952 F.2d 363, 365 (10th Cir.1991). There is no showing of mutually antagonistic defenses that would require a severance. *Zafiro,* supra; *United States v. Williams,* 45 F.3d 1481 (10th Cir.1995). The defendant Aldana has not made the required showing for a severance.

Based on the above analysis, **IT IS HEREBY ORDERED:**

1. The defendant Paul Aldana's motion to sever is denied.

2. Defendant Paul Aldana's motion in limine to prohibit the testimony of Maria Walton and Robert Doan's testimony as to the statement of defendant Wyatt B. Willard, implicating Aldana, is denied without prejudice. At trial, a hearing out of the presence of the jury should be had and a proffer made to determine if the witnesses' statements are admissible under Rule 804(b)(3) F.R.E. as interpreted by *Williamson v. United States,* supra. This must be done by the trial judge in the particular context of the evidence.