**UNITED STATES of America, Plaintiff,**

v.

**Cesar FIGUEROA, Defendant.**

**No. 99–CR–121 W.**

United States District Court, D. Utah, Central Division.

July 20, 1999.

Barbara Bearnson, Asst. United States Attorney, Salt Lake City, UT, for plaintiff.

Rebecca C. Hyde, Salt Lake City, UT, for defendant.

## MEMORANDUM AND ORDER

BOYCE, United States Magistrate Judge.

The defendant, Cesar Figueroa, is charged by indictment with eight violations of the Hobbs Act, 18 USC § 1951(a) (Counts 1, 3, 5, 7, 9, 11, 13 and 15); a violation of the armed bank robbery statute, 18 USC § 2113(a) & (d) (Count 17); bank robbery under 18 USC § 2113(a) (Count 21) and nine violations of 18 USC § 924(c)(1) (Counts 2, 4, 6, 8, 10, 12, 14, 16 and 18). The indictment charges the counts against defendant, along with those involving other defendants, as offenses which involve "participation of a common scheme or transaction involving each count of the indictment."

The defendant has made a motion to sever counts and defendants. Figueroa sought separate trials as to each Hobbs Act and accompanying 18 USC § 924(c) violation, the armed robbery count and § 924(c) charge, and the bank robbery charge. The defendant seeks ten separate trials on the charges against him. He also seeks a severance from the codefendants.

■ The counts against the defendant are properly joined under Rule 8(a) F.R.Cr.P. as offenses of the same or similar character and the indictment charges the offenses were also part of a "common scheme or transaction." Rule 8(a) F.R.Cr.P. is to be broadly construed to enhance the efficiency of the judicial system. *United States v. Johnson,* 130 F.3d 1420, 1427 (10th Cir.1997). Consequently, the joinder is proper unless severance is required under Rule 14, F.R.Cr.P. because the defendant is prejudiced by the joinder.

First, defendant contends, that although he has confessed to four of the Hobbs Act robberies and related § 924(c) counts, that the other counts are not legitimate Rule 404(b) F.R.E. evidence and evidence of the other offenses will be misused. However, to the extent the indictment found by the grand jury charges the offenses as a part of a common scheme or plan, each offense would be proper 404(b) evidence. Rule 404(b) allows evidence that is relevant to "plan" to be received.

Counsel for defendant stated, at the hearing on this motion, that the offenses were not "signature crimes." However, the concept of other crimes evidence as admissible as a "signature" offense is usually based on a claim of identity evidence, not when a claim of a common scheme or plan is made. See *United States v. Oberle,* 136 F.3d 1414 (10th Cir.1998); *United States v. Porter,* 881 F.2d 878 (10th Cir. 1989); *United States v. Morgan,* 936 F.2d 1561 (10th Cir.1991). Rule 404(b) F.R.E. does not require that another crime be a signature crime to be admissible under Rule 404(b) F.R.E., it is enough if it is part of a common scheme or plan and relevant for a purpose other than bad character.

*United States v. Morgan,* supra; *United States v. Warfield,* 97 F.3d 1014 (8th Cir. 1996); *United States v. Nelson,* 137 F.3d 1094 (9th Cir.1998). Therefore, if there is a planning relationship between the offenses, that fact cannot be ignored and is relevant, and defendant's assertion of the need for a "signature" relationship is not well based.

■ In addition, offenses charged together should normally be tried together. *Zafiro v. United States,* 506 U.S. 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). In this case, sound judicial administration supports joinder and a common trial. Ten separate trials would be burdensome and wasteful. The request for such severance approaches frivolousness when evaluated against considerations of judicial administration and economy.

■■ There is no indication defendant will not testify as to each count. The defendant's claim at the hearing on this motion that the offenses involve differing fact situations is of no serious consequence, as each robbery charged has a separate victim and identity. There is little likelihood of confusion. *United States v. Taylor,* 800 F.2d 1012 (10th Cir.1986); *United States v. Guerrero,* 756 F.2d 1342 (9th Cir.1984). Mere disparity in the weight of the evidence of the counts is not a basis for severance, see *United States v. Swingler,* 758 F.2d 477 (10th Cir.1985); *United States v. Williams,* 45 F.3d 1481 (10th Cir.1995), nor is it a basis for severance that defendant would have a better chance of acquittal if the offenses were severed, *United States v. Johnson,* 130 F.3d 1420, 1427 (10th Cir.1997), or that there may be some spillover effect from the joinder. *United States v. Morales,* 108 F.3d 1213, 1219 (10th Cir.1997). Defendant asserts the jury would consider the evidence of crimes admitted and use it as evidence of proclivity or bad character as to the other offenses charged. This is pure speculation. Defendant is entitled to an instruction to the jury to consider each offense separately and to weigh defen-dant's guilt individually on each count. *Richardson v. Marsh,* 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987).

In this case there is no showing the defendant's right to a fair trial is seriously threatened or impaired by the joinder of counts. *United States v. Holland,* 10 F.3d 696, 699 (10th Cir.1993). Therefore, severance of the counts against defendant is not required. *United States v. Johnson,* supra.

■ Defendant also contends that there is a misjoinder of defendants under Rule 8(b) F.R.Cr.P. because counts 19–20 and 22–30, involving other defendants, are not a part of the same act or transaction but are random robberies by those persons alleged to be involved. Defendant is not named in those counts. However, the indictment expressly charges that each of the counts are part of a common scheme or transaction with the other counts of the indictment. This must be considered to be a finding of the grand jury.

Rule 8(b) F.R.Cr.P. governs joinder of defendants and provides that two or more *defendants* may be charged in the "same indictment or information if they are *alleged* to have participated in the same act or transaction or the same series of acts or transactions constituting the offense or offenses." Therefore, the indictment is sufficient for joinder under Rule 8(b) F.R.Cr.P. since the indictment alleges common transactions.

■ Also relevant to the indictment in this case, is the language of Rule 8(b) F.R.Cr.P. which states: "Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count." Therefore, in order to obtain a severance of defendants, the defendant Figueroa must show either a misjoinder or prejudice under Rule 14, F.R.Cr.P. *United States v. Morales,* 108 F.3d 1213, 1219–1220 (10th Cir.1997). The defendant has not present-ed an affidavit with facts showing preju-dice, and has not addressed facts or argu-

ment on this issue at the time of hearing, except those duplicative of the argument addressed to joinder of counts. Defendant has the burden of showing prejudice to obtain relief under Rule 14, F.R.Cr.P. *United States v. Hopkinson,* 631 F.2d 665 (10th Cir.1980). "Prejudice must be 'real' and 'clear'." *United States v. Dirden,* 38 F.3d 1131, 1140 (10th Cir.1994); *United States v. Bostic,* 713 F.2d 401, 403 (8th Cir.1983). The failure of defendant Figueroa to present evidence of prejudice, other than that which is the same as presented on the motion to sever counts precludes relief on a claim of misjoinder of parties. *United States v. Parnell,* 581 F.2d 1374 (10th Cir.1978). *Zafiro,* supra, has application, and the rule that persons indicted together should be tried together applies. *United States v. Durham,* 139 F.3d 1325, 1333 (10th Cir.1998).

Defendant challenged the joinder of defendants under Rule 8(b) F.R.Cr.P. asserting there was no "conspiracy" among the defendants. However, Rule 8(b) allows joinder of *both* counts and defendants if their involvement is in the same transaction (See counts 17 and 18) *or* series of acts or transactions constituting an offense *or* offenses. The allegations in the indictment meet this standard. *United States v. Lane,* 883 F.2d 1484 (10th Cir.1989). The defendants may be joined as part of a general "criminal enterprise" and there is no need that the actors meet the formal requirements of a conspiracy. *United States v. Ford,* 632 F.2d 1354 (9th Cir. 1980); Wright, *Federal Practice and Procedure,* (Cr. 3d) § 144 Vol. 1A pp. 55–56 (1999); *United States v. Merida,* 765 F.2d 1205 (5th Cir.1985); *United States v. Burreson,* 643 F.2d 1344 (9th Cir.1981) (parties to an interconnected transaction are properly joined). All defendants need not be charged with or have participated in each of the transactions, or the same transaction, if there is the common connection.

The term "alleged" in Rule 8(b) F.R.Cr.P. has to be taken to intend that the indictment and the grand jury's find-

ings govern as to the sufficiency of joinder unless there is a failure of proof, *United States v. Morales,* 868 F.2d 1562, 1567 (11th Cir.1989), or clear prejudice.

■ Of course, mere similarity of offenses is not enough to sustain joinder of defendants. *United States v. Biaggi,* 909 F.2d 662, 675–676 (2d Cir.1990); Wright, *supra,* p. 63. The defendant contends there is no common scheme or participation in the same act or transaction. The United States responded, at hearing on this motion, that it stood by the indictment charging a common scheme or transaction. Defendant did not present an affidavit or other meaningful facts. Therefore, there is a dispute of fact as to whether the defendants and charges are connected as part of the same series of transactions.

■ The grand jury's indictment stands and cannot normally be breached as to the sufficiency of the evidence to support its allegations, *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), unless there are facts which the government and defendant would accept that would allow a resolution of the matter based on an absence of a factual dispute. See *United States v. Self,* 2 F.3d 1071 (10th Cir.1993); *United States v. Hall,* 20 F.3d 1084 (10th Cir.1994). In this case, the motion must be denied as the facts of a common transactions are disputed. However, the prosecution will have the burden of showing the allegation in the indictment is correct, if it does not, then there may be a prejudicial misjoinder. Also, the trial judge should give a proper curative instruction to the jury if requested. *United States v. Lopez,* 100 F.3d 113, 119 (10th Cir.1996); *Zafiro,* 506 U.S. at 541, 113 S.Ct. 933.

Therefore, defendant's motion for severance must be denied, at this time.

**IT IS HEREBY ORDERED** the defendant Cesar Figueroa's motion for sever-

ance of counts and defendants is DE-NIED.