**UNITED STATES OF AMERICA,**
Plaintiff(s),

v.

**Terrence DUNNE, et al., Defendant(s).**

**No. 98–CR–278 ST.**

United States District Court,
D. Utah,
Central Division.

March 14, 2001.

Stephen J. Sorenson, Stewart C. Walz, Leslie Hendrickson–Hughes, United States Attorneys Office, Salt Lake City, UT, for plaintiff.

Paul T. Moxley, Catherine L. Brabson, Christine T. Greenwood, Holme Roberts & Owen, Salt Lake City, UT, for defendant.

## MEMORANDUM AND ORDER

BOYCE, United States Magistrate Judge.

Defendant, Terrence Dunne, has made a motion to sever the one count against him from the counts against the other two defendants. This would require two separate trials. Dunne is charged in Count V of the superseding indictment with a violation of 18 U.S.C. § 1001. No other defendant is charged in that count (File Entry # 26). Count V alleges, by incorporation, paragraphs 1 through 3 of Count I of the indictment; paragraphs 1 through 7 of Count III of the superseding indictment;

and paragraph 1 through 7 of Count IV of the superseding indictment. The indictment alleges Dunne, as a certified public accountant, audited and prepared the financial statements included in Pan World Minerals International, Inc.'s annual report. Dunne signed an audit opinion for the financial statement of Pan World and stated the audit was in accordance with generally accepted auditing standards (GAAS) and that the financial statements were prepared with generally accepted accounting principles (GAAP). The indictment alleges Dunne knew from a contract that Pan World had no interest in a company known as Washington Gulch and knew the financial statements were not presented in accord with GAAP. It is also alleged Dunne did not satisfy generally accepted auditing standards (GAAS). Also, it is alleged that Dunne's certification was made within the jurisdiction of the Securities and Exchange Commission (SEC) for purposes of 18 USC § 1001.

Pertinent to the issue involved with this motion, are the allegations in paragraphs 1 through 7 of Count III of the superseding indictment, which assert an agreement was signed by other of the named defendants to acquire a mining project known as Washington Gulch. No closing occurred on the agreement and no assets of Washington Gulch passed to Pan World. Paragraph 4 of Count III indicates a document relevant to the Washington Gulch matter was not shown to Dunne by the other defendants. Dunne prepared the financial statements of Pan World which were given to the SEC (Form 10–Q). The financial statements listed for the SEC Form 10–Q, the Washington Gulch property as an asset of Pan World.

Paragraphs 1 through 7 of Count IV of the superseding indictment, allege that at the end of the calendar year 1993, Pan World was required to obtain audited financial statements for its 1993 annual report and a Form 10–KSB filed with the SEC. Paragraph 6 of Count IV alleges Pan World's 1993 annual report referred to the Washington Gulch interest and in fact that interest had never been acquired by Pan-World (¶ 7).

■ Defendant Dunne's motion to sever Count V, naming only him, contends the count is misjoined. At hearing, Dunne contended there was no basis to join him, with the other charged parties, under Rule 8(b) F.R.Cr.P. It is contended Dunne's acts or transaction of preparing the financial statements and doing the audit of Pan World were separate from the act or the transaction or series of acts and transactions of the other defendants as alleged and joined in other counts. See Rule 8(b) F.R.Cr.P. It is also asserted that the indictment has not "alleged" that Dunne's conduct was a part of an act, transaction or series of acts or transactions with the other parties. Of course, the fact that Dunne is named in only one count is not fatal to joinder since Rule 8(b) provides "such defendants may be charged in one or more counts together or *separately* and all defendants need not be charged in each count." (Emphasis added).

The Government contends that a reading of the indictment, in full and with the enumerated paragraphs incorporated into Count V against Dunne, that it is apparent Dunne's audit and preparation of financial statements were integral to the documentation submitted by Pan World to the SEC and a part of the transaction or series of transactions engaged in by the other defendants involving illegal activities in connection with Pan World.

Count V does not use the specific language of Rule 8(b) F.R.Cr.P. Rule 8(b) requires that it be "alleged" that two or more defendants participated in the same act or transaction or series of acts or transactions. In, *United States v. Valdez,*

149 F.R.D. 223 (D.Utah, 1993) this court said joinder of defendants from different counts is not proper "unless they are 'alleged' to have participated in the same act or transaction." The issue on misjoinder raised by defendant Dunne is as to joined parties and falls under Rule 8(b) F.R.Cr. P., see *United States v. Riebold,* 557 F.2d 697, 707 (10th Cir., 1977), ("series of acts or transactions ... may be basis for joinder"). A conspiracy need not be alleged. *Valdez,* p. 222. "However, the indictment must contain allegations showing the propriety of the joinder" (citing cases). *Id.* In *Valdez,* the court found the indictment did not meet Rule 8(b) standards but referred to a "common thread which would suffice" under the decision in *United States v. Rogers,* 921 F.2d 975 (10th Cir., 1990).

In *United States v. Garganese,* 156 F.R.D. 263 (D.Utah, 1994), the court reapproved *Valdez.* The Court spoke on the applicable standard for joinder:

Rule 8(b) F.R.Cr.P. governs the joinder of charges when multiple defendants are involved. *United States v. Riebold,* 557 F.2d 697, 707 (10th Cir.1977); *United States v. Eagleston,* 417 F.2d 11 (10th Cir.1969); *United States v. Jackson,* 562 F.2d 789 (D.C.Cir.1977); *United States v. Corbin,* 734 F.2d 643 (11th Cir.1984); *United States v. Valdez,* 149 F.R.D. 223 (D.Utah 1993). The question of misjoinder is a question of law for the court, *United States v. Cardall,* 885 F.2d 656, 667 (10th Cir.1989). Under Rule 8(b) F.R.Cr.P. joinder of defendants is proper "if they are alleged to have participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses"; *United States v. McClure,* 734 F.2d 484 (10th Cir.1984). All the defendants need not be charged in each count, but the rule seems to contemplate that at least one defendant should be charged in a count where other defendants are also charged. Defendants North American

and Garganese are not charged in counts 1–105. They are not charged in the conspiracy in count one which would have justified the joinder. *United States v. Jorgenson,* 451 F.2d 516, 522 (10th Cir.1971); *United States v. Heath,* 580 F.2d 1011 (10th Cir.1978); *United States v. Dickey,* 736 F.2d 571 (10th Cir.1984). In counts 106–115 only defendants Robert Garganese and North American are charged. Although Y.E.S.S. Co. is named, it is not charged or named as a conspirator. None of the other defendants are charged in counts 106–122. In counts 116–122 only Garganese and North American are charged, no other defendant is charged and only Y.E.S.S. Co. is mentioned. Neither Garganese or North American is named in counts 123–129. They do not involve the movants.

The issue is whether there is sufficient factual connection pled between Garganese and North American and the other defendants in the indictment to show a participation in the same act or transaction or the same series of acts or transactions "constituting an offense or offenses."

Where there is a general interrelationship of the offenses, joinder is proper. *United States v. Jones,* 578 F.2d 1332 (10th Cir.1978). If defendants have engaged in the same act or series of acts constituting an offense or offenses, joinder is proper. *United States v. Krohn,* 573 F.2d 1382 (10th Cir.1978). In *United States v. Cardall, supra,* the court referred to an "ongoing series of interconnected illegal transactions amounting to the operation of a criminal enterprise." 885 F.2d at p. 668. It has been said that joinder is proper where the conduct of the joined defendants is "hand in glove" with each other. *United States v. Beathune,* 527 F.2d 696 (10th Cir.1975); *United States v. Rogers,* 652 F.2d 972 (10th Cir.1981). If the conduct

is part of one overall conspiracy, joinder is proper, *United States v. Bridwell,* 583 F.2d 1135 (10th Cir.1978), even if the conduct of the participants was varied. *United States v. Petersen,* 611 F.2d 1313, 1331 (10th Cir.1979). There must be a logical relationship between the offenses, a commonality must be involved. It has been said the "litmus test" for joinder under Rule 8(b) F.R.Cr.P. is whether a "common thread" links acts to each other and some of the defendants.

(***)

Federal courts have stated the standard for joinder under Rule 8(b) F.R.Cr.P. in several different ways but have required a common nexus. Annotation, "What Constitutes Series of Acts or Transactions" for Purposes of Rule 8(b) of Federal Rules of Criminal Procedure, Providing for Joinder of Defendants Who Are Alleged to Have Participated in Same Series of Acts or Transactions, 62 ALR Fed. 106 (1983). "Joint Criminal Enterprise" is a term that has been used, *United States v. Martinez,* 479 F.2d 824 (1st Cir.1973); "Substantial identity of facts and participants," *United States v. Olin Corp.,* 465 F.Supp. 1120 (W.D.N.Y.1979); "common scheme," *Rakes v. United States,* 169 F.2d 739 (4th Cir.1948); "common plan", *United States v. Kennedy,* 564 F.2d 1329 (9th Cir.1977); "common link," *United States v. DeLeon,* 641 F.2d 330, 337 (5th Cir.1981). It has been stated that joinder is proper where facts underlying "each offense" are "closely related" so that proof of the facts is necessary to establish each offense.

156 F.R.D. at p. 267.

In *United States v. Eagleston,* 417 F.2d 11 (10th Cir., 1969) the court found misjoinder under Rule 8(b) F.R.Cr.P. where offenses totally unconnected were charged and one defendant was charged in two counts and a third defendant was charged in only one count in which the other codefendants were not charged. This case is distinguishable from the instant case. Dunne's conduct was one transaction along with the other defendants in the scheme concerning Pan World. *United States v. Morales,* 108 F.3d 1213 (10th Cir., 1997); *United States v. Lane,* 883 F.2d 1484 (10th Cir., 1989); *United States v. Pack,* 773 F.2d 261 (10th Cir., 1985). In *United States v. Haney,* 914 F.2d 602 (4th Cir., 1990) the court said separate acts constituting separate offenses are sufficiently related to be within the same series for purposes of joinder of more than one person in the same indictment and for trial if they arise out of a common plan or scheme. See also *United States v. Rodriguez–Aguirre,* 108 F.3d 1228 (10th Cir., 1997).

Allegations in the indictment must show the basis for joinder. *United States v. Cyprian,* 23 F.3d 1189 (7th Cir., 1994); *United States v. Valdez,* supra. The propriety of the joinder must be determined from the face of the indictment. *United States v. Terry,* 911 F.2d 272, 276 (9th Cir., 1990) (propriety of joinder is determined solely by allegations in the indictment); *United States v. Alexander,* 135 F.3d 470, 475–76 (7th Cir., 1998); *United States v. Garganese,* supra, p. 267 (citing cases).

Defendants' acts form a series, within the meaning of the rule providing for joinder of defendants, if the acts constitute part of a common scheme or plan. The term "transaction" for determining joinder of multiple defendants has a flexible meaning and there can be a logical relationship between transactions greater than mere factual similarity of counts. *United States v. Matta–Ballesteros,* 71 F.3d 754 (9th Cir., 1995).

The rule allowing joinder is to be construed broadly to allow liberal joinder

to enhance the efficiency of the judicial system. *United States v. Johnson,* 130 F.3d 1420, 1427 (10th Cir., 1997); *United States v. Morales, supra; United States v. Rodriguez–Aguirre, supra.* The construction of Rule 8(b) F.R.Cr.P. is liberal in favor of joinder. *United States v. Sarkisian,* 197 F.3d 966 (9th Cir., 1999). It is *preferable* that the indictment contain specific statements addressing the required Rule 8(b) F.R.Cr.P. allegations. However, no particular language is required if the facts and statements in the indictment are sufficient to show the basis for joinder. A conspiracy or common or joint intent is not required, *Garganese, supra,* rather, a related series of transactions will support joinder under Rule 8(b).

■ Applying these standards it is concluded there is no misjoinder of Count V, involving Dunne, with the other counts of the indictment involving the two other defendants. Count V incorporates other allegations of the indictment which show from the face of the indictment that Dunne's alleged conduct of conducting an audit and preparing financial reports, was integral and related to the transactions of the other defendants, as alleged in the indictment, in making required reports to the SEC, and thereby part of the scheme to violate the securities laws. Therefore, Dunne's claims of misjoinder must be denied.

■ Dunne raises three other bases for severance under Rule 14, F.R.Cr.P. which requires a showing of actual prejudice. *United States v. Lane,* 474 U.S. 438, 449 n. 12, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986); *United States v. Cardall,* 885 F.2d 656 (10th Cir., 1989). There is a "preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States,* 506 U.S. 534, 537,

113 S.Ct. 933, 122 L.Ed.2d 317 (1993); *United States v. Durham,* 139 F.3d 1325, 1333 (10th Cir., 1998). The court should weigh prejudice caused by joinder against considerations of economy and judicial administration. *United States v. Rinke,* 778 F.2d 581 (10th Cir., 1985); *United States v. Mabry,* 809 F.2d 671 (10th Cir., 1987). Prejudice from the joinder must be actual. *United States v. Sanders,* 929 F.2d 1466 (10th Cir., 1991); *United States v. Espinosa,* 771 F.2d 1382 (10th Cir., 1985). It must be real and clear. *United States v. Figueroa,* 56 F.Supp.2d 1222 (D.Utah, 1999). The showing of prejudice must be "strong." *United States v. Youngpeter,* 986 F.2d 349 (10th Cir., 1993); *United States v. Verners,* 53 F.3d 291 (10th Cir., 1995); *Fox v. Ward,* 200 F.3d 1286, 1292 (10th Cir., 2000).

■ First, Dunne contends there may be mutually antagonistic defenses. Antagonistic defenses are not *per se* prejudicial. *Zafiro, supra,* p. 538, 113 S.Ct. 933; *United States v. Yazzie,* 188 F.3d 1178 (10th Cir., 1999); *Fox v. Ward, supra.* In *United States v. Flanagan,* 34 F.3d 949 (10th Cir., 1994) and *United States v. Linn,* 31 F.3d 987 (10th Cir., 1994), the court said prejudice from mutually antagonistic defenses requires a demonstration that accepting one party's defense would tend to preclude acquittal of the other, or that conversely, such a showing would require that guilt of one defendant tend to establish the innocence of the other. Mere inconsistency will not suffice. *United States v. Brantley,* 986 F.2d 379 (10th Cir., 1993). The jury must not be able to believe the core of one defense without discounting entirely the core of the other. *Fox, supra.*

Dunne has not shown such a circumstance in this case.[1] Merely because

---

1. The factual defenses of the other two defendants have not been offered, in support of the motion, only Dunne's testimony before the grand jury has been submitted. At this point,

Dunne contends the other two primary defendants did not tell him of the true status of Pan World's ownership claim of Washington Gulch this does not support a claim of antagonistic defenses. The Government alleges the other defendant did *not* tell Dunne of the status of Washington Gulch, but that Dunne knew of it from contract documents. Therefore, Dunne's motion to sever based on antagonistic defenses must be denied. *United States v. Aldana*, 4 F.Supp.2d 1325 (D.Utah, 1998) (no antagonism shown); *United States v. Linn, supra; United States v. Martinez*, 979 F.2d 1424 (10th Cir., 1992) (antagonistic defenses not shown); *United States v. Scott*, 37 F.3d 1564 (10th Cir., 1994) (no error in not granting severance); *United States v. Dirden*, 38 F.3d 1131 (10th Cir., 1994) (no showing of antagonistic defenses warranting severance). See also *United States v. Williams*, 45 F.3d 1481, 1484 (10th Cir., 1995).

▮▮▮ Dunne suggests his role was minor and jurors could misinterpret his involvement and the evidence against the other defendants could spillover to him. However, it is not enough for a defendant seeking severance from a codefendant to contend his chances for an acquittal would be better with the severance. *Aldana*, supra. No facts have been submitted to support the probability of Dunne's claim *United States v. Wacker*, 72 F.3d 1453 (10th Cir., 1995). See *United States v. Scott, supra.* Generally, a "spillover" potential is an insufficient basis for severance. *Rodriguez–Aguirre, supra; United States v. Eads*, 191 F.3d 1206 (10th Cir., 1999); *United States v. Cardall, supra. United States v. Durham, supra; United States v. Yazzie, supra.* The defendant Dunne has not made out a basis for severance. The jury will be properly instructed

on the need to determine individual guilt and the charge against Dunne is not confusing or complex in relation to the other charges in the indictment.

▮▮▮ Finally, defendant alleges significant expense and inconvenience in having to attend a longer trial when his charge would involve less evidence and trial time. However, this must be balanced against dual trials, requiring witnesses to appear twice and the fact that much foundation evidence would need to be duplicated if severance were allowed. Applying the preference and the balancing standard stated in *Zafiro v. United States, supra,* the court concludes severance is not required and *Dunne* will not suffer clear prejudice to his defense at trial.

### Conclusion

The defendant Terrence Dunne's motion for severance is not well taken. Therefore,

**IT IS HEREBY ORDERED** the motion of defendant Terrence Dunne, to sever his trial from his codefendants, is **DENIED.**

---

the court does not know the defense of the other defendants or whether they will take a

position antagonistic to Dunne.