[No. 40968-9-I.   Division One.   June 7, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD
JOSEPH HIRSCHFIELD, *Appellant*.

*Thomas Michael Kummerow* of *Washington Appellate Project*, for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Charles Wesley Lind, Deputy,* for respondent.

Cox, J. — Richard Hirschfield appeals his conviction for one count of rape of a child in the first degree and one count of child molestation in the first degree. Because the trial court did not abuse its discretion in finding that the child witness was "unavailable" and the State made a "good faith effort" to produce that witness to testify, the witness' hearsay testimony was admissible. Moreover, the trial court did not abuse its discretion in denying Hirschfield's request to proceed pro se on the eve of trial. Finally, there is sufficient evidence of penetration to support the conviction. We affirm.

In July 1996, Hirschfield met two young girls, 9-year-old A.C. and 10-year-old A.W., who were swimming together at

the Aqua Barn public swimming pool. He approached the girls and offered to play with them. He tossed them into the pool and caught them as they jumped off the diving board. A.W. testified at trial that as they were playing these games, Hirschfield put his hand inside her bathing suit and rubbed and felt her bottom and her vagina. She further testified that Hirschfield touched both the inside and outside of her vagina.

Although A.C. did not testify at trial, her hearsay statements were admitted through her mother and the child interview specialist for the King County Prosecutor's Office, Kimberly Jacobowitz. According to those statements by A.C., Hirschfield touched her underneath her bathing suit on the outside of her "privates." She said that after he touched her, Hirschfield apologized, saying, "I'm sorry. I shouldn't have done that."

A jury convicted Hirschfield of one count of rape of a child (A.W.) in the first degree and one count of child molestation (A.C.) in the first degree.

Hirschfield appeals.

## Evidentiary Ruling

Hirschfield argues that the trial court abused its discretion in admitting A.C.'s hearsay statements under RCW 9A.44.120, the child hearsay statute. He contends that A.C. was not "unavailable" to testify. We reject this contention.

■ The determination of admissibility under RCW 9A.44.120 is within the sound discretion of the trial court, which we will not overturn unless there is a manifest abuse of discretion.[1] RCW 9A.44.120 provides:

> A statement made by a child when under the age of ten describing any act of sexual contact performed with or on the child by another, . . . not otherwise admissible by statute or court rule, is admissible in evidence in . . . criminal proceedings . . . if:

---

[1]*State v. Cooley*, 48 Wn. App. 286, 293, 738 P.2d 705, *review denied*, 109 Wn.2d 1002 (1987).

(1) The court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide sufficient indicia of reliability; and

(2) The child either:

(a) Testifies at the proceedings; or

(b) *Is unavailable as a witness*: PROVIDED, That when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.[2]

Unavailability for purposes of this hearsay statute is defined under ER 804(a),[3] which provides in part:

"Unavailability as a witness" includes situations in which the declarant:

. . .

(2) Persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so . . . .

Hirschfield's argument focuses on the last clause of the above definition. He argues that A.C. was not "unavailable" because the court never expressly ordered her to testify after she refused to do so.

The court held a pretrial hearing to determine the admissibility of statements made by A.C. to her mother and to Jacobowitz. At that hearing, the prosecutor, Hirschfield's counsel, and the court all questioned A.C. about her unwillingness to testify. She repeatedly stated that she would not talk any more about the incident at the Aqua Barn. She also initially indicated that she did not know whether she would be punished if she refused to testify. The court then questioned her as follows:

THE COURT: Do you remember what happened?

[A.C.]: Yeah.

---

[2](Emphasis added.)

[3]*State v. Ryan*, 103 Wn.2d 165, 171, 691 P.2d 197 (1984).

THE COURT: Can I ask why you are reluctant to testify about it?

[A.C.]: Because I have talked about it. I have told people about this too many times. I don't want to talk about it anymore.

THE COURT: And would this be even if I were ordering you to testify about it?

[A.C.]: Yeah.

THE COURT: In the interviews that you have had and talked about the incident to other people, what you told them about the incidents at the Aqua Barn on that day, were they the truth?

[A.C.]: Yes.[4]

Based on the above exchange, the judge made the following ruling:

. Under the brief questioning of [A.C.] this morning I am going to find that [she] is unavailable as a witness to testify in this case. She has indicated through questioning by the state and my couple of questions that she will not testify concerning the events that took place at the Aqua Barn on the day in question. Although I could threaten her by indicating that she would be in contempt of court if she refuses to testify, and I could also, if I found her to be in contempt of court, could detain her in the youth center until this trial is all over, when we are talking about a ten year old I don't think that the rules require that in this kind of a situation specifically. And so I am declaring that [A.C.] is unavailable as a witness.

On this record, it is clear that there was no abuse of discretion. The purpose of the portion of the rule at issue here is to apprise the witness that serious consequences flow from a refusal to testify. That purpose was served here. The court used all judicial pressure that was appropriate

---

[4]We have arranged and named the 12 volumes of the Report of Proceedings chronologically. 1 Report of Proceedings corresponds to the volume of April 7, 1997 and 12 Report of Proceedings to the volume of July 17, 1997. The exchange between the court and A.C. is found in 7 Report of Proceedings at page 9.

under the circumstances. No useful purpose would have been served by going through the formality of directing the child to testify when she clearly stated that she would not, even if ordered to do so.

Nonetheless, Hirschfield argues that a court order is an essential component of finding a witness unavailable under Federal Rule of Evidence 804(a). He urges us to follow the approach of two Second Circuit cases construing the federal rule.[5] In those cases, the court held that for a witness to be unavailable, the trial judge must (1) issue an order directing the witness to testify and (2) warn the witness that violating that order is punishable by contempt. We agree that the unavailability of a witness is most clear when that witness refuses to testify despite an explicit court order directing the witness to do so. But we believe the flexible approach followed by other federal courts is preferable to the Second Circuit's strict rule requiring such an order.

For example, in *United States v. Bizzard*,[6] the Eleventh Circuit held that the trial court had properly found that a witness was "unavailable" under Federal Rule of Evidence 804(a)(2). The witness testified at Bizzard's first trial but refused to testify on retrial. The court explained:

> Although the [trial] court could have more clearly ordered the witness to testify, the record shows that the court's conversation with the witness in an out of jury hearing at the second trial was sufficient to meet the order requirement of Fed.R.Evid. 804(a)(2). Thus the court was correct in deciding that the witness was "unavailable" because of his persistent refusal to testify after an "order" of the court to do so. *No written order is necessary.* Cf. *United States v. Zappola*, 646 F.2d 48 (2d Cir. 1981); *United States v. Oliver*, 626 F.2d 254 (2d Cir. 1980) (order from court essential requisite to invocation of Rule 804(a)(2)).[7]

The Tenth Circuit has similarly held that a finding of

---

[5]*United States v. Zappola*, 646 F.2d 48, 54 (2d Cir. 1981); *United States v. Oliver*, 626 F.2d 254, 260-61 (2d Cir. 1980).

[6]674 F.2d 1382 (11th Cir.), *cert. denied*, 459 U.S. 973 (1982).

[7]*Bizzard*, 674 F.2d at 1387 (emphasis added).

unavailability does not hinge on an express court order directing the witness to testify. In *Jennings v. Maynard*,[8] a witness for the prosecution refused to testify after his life and the lives of his family members were threatened. Although the trial court did not order the witness to testify, it found that he was unavailable and allowed an investigating officer to testify concerning his conversation with the witness. On review, the Tenth Circuit favored a flexible rule over a strict one requiring a court order for unavailability. The court held:

> Although both the Oklahoma Code and Federal Rule 804(a)(2) normally require the court to order a witness to testify before a finding of unavailability is made, we conclude that such an order was not necessary in this case. During the in camera hearing, [the witness] testified that he would not obey a court order requiring him to testify.[9]

■ We are persuaded, under the facts of this case, that the flexible approach followed by the Eleventh and Tenth Circuits is preferable to the strict rule announced by the Second Circuit. Here, the child witness, a 10-year-old, had been sexually assaulted and had repeated her account of the assault numerous times before the case went to trial. The trial judge expressly asked her whether she would change her mind and testify if he expressly ordered her to do so. She replied she would not. We see no purpose whatsoever, under these circumstances, in holding that the trial court was required to order her to testify when it was clear to that court that she would not. That would have been a useless act. The trial court applied appropriate judicial pressure by its questioning, and nothing further was required.

We also reject Hirschfield's argument that the admission of the hearsay statements violates the confrontation clauses of the federal and state constitutions.

■ The Sixth Amendment's confrontation clause pro-

---

[8]946 F.2d 1502 (10th Cir. 1991).

[9]*Jennings*, 946 F.2d at 1505 (emphasis added).

vides, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." Article I, section 22 (amendment 10) of our state constitution states, "In criminal prosecutions the accused shall have the right . . . to meet the witnesses against him face to face . . . ." The general approach to test hearsay admissions against confrontation rights requires (1) either the production of the out-of-court declarant or a demonstration of his unavailability and (2) assurances of the statement's reliability.[10]

There is no challenge here to the fulfillment of the second prong of the test, the reliability of the statements. And, because A.C. was unavailable as a witness, the first prong of the test is likewise satisfied, subject to the constitutional requirement that "the prosecutor . . . make a good faith effort to obtain the witness' presence at trial."[11]

Here, the State did make a good faith effort to secure A.C.'s presence at trial. A.C. testified at the pretrial hearing and was subject to cross-examination by Hirschfield. The presence of the witness at the hearing establishes the prosecutor's good faith effort for purposes of the rule.

The trial court's determination that A.C. was unavailable and its subsequent admission of A.C.'s hearsay statements did not violate Hirschfield's confrontation rights.

We affirm.

The remainder of this opinion has no precedential value and will not be published.[12]

AGID, A.C.J., and WEBSTER, J., concur.

Review denied at 139 Wn.2d 1022 (2000).

---

[10]*Ryan*, 103 Wn.2d at 170 (citing *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S. Ct. 2531, 65 L. Ed. 2d 597 (1980)).

[11]*Ryan*, 103 Wn.2d at 171.

[12]RCW 2.06.040.