**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARCUS L. CARGLE,

      Petitioner - Appellant,

v.

RANDALL WORKMAN, Warden,

      Respondent - Appellee.

No. 08-6082
(W.D. Okla.)
(D.Ct. No. 5:07-CV-00659-D)

---

**ORDER DENYING *IN FORMA PAUPERIS*,**
**CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

---

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

Marcus Cargle, an Oklahoma state prisoner proceeding *pro se*,[1] seeks a

certificate of appealability (COA) to appeal from the district court's denial of his

petition for habeas corpus pursuant to 28 U.S.C. § 2254. He also seeks

permission to proceed *in forma pauperis* (*ifp*) on appeal.[2] We deny his request for

a COA, his motion for leave to proceed *ifp* and dismiss this incipient appeal.

---

[1] We liberally construe pro se pleadings. *Ledbetter v. City of Topeka, Kan.*, 318
F.3d 1183, 1187 (10th Cir. 2003).

[2] Cargle paid the full district court filing fee. Because he did not file a motion to
proceed *ifp* on appeal with the district court, the district court did not rule on the issue.

# I. BACKGROUND

Cargle was convicted in Oklahoma on two counts of murder and sentenced to death. He obtained a writ of habeas corpus ordering a new trial. This Court affirmed. *Cargle v. Mullin*, 317 F.3d 1196 (10th Cir. 2003). Cargle's second trial ended in a mistrial. In a third trial he was convicted of first degree murder, being an accessory to murder after the fact, and being a felon in possession of a firearm. The court imposed consecutive sentences of life in prison without parole, forty years, and ten years, respectively.

After pursuing post-conviction relief in state court, Cargle filed this federal habeas petition in which he claimed: (1) he was denied the right to confront Luke Jones, one of the key witnesses against him, (2) certain jury instructions were improper, and (3) the evidence was insufficient to support his conviction. His petition was referred to a Magistrate Judge who prepared a thorough report (R&R) recommending denial of habeas relief because the Oklahoma Court of Criminal Appeals (OCCA) considered and decided each of the issues contrary to Cargle's arguments and its determinations were not contrary to or an unreasonable application of United States Supreme Court precedent. Cargle filed written objections to the R&R. The district court rejected his objections, adopted the R&R, and denied Cargle's claim for relief.

## II. DISCUSSION

A. <u>Certificate of Appealability</u>

A COA is a jurisdictional pre-requisite to our review of the denial of habeas relief under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c)(1)(A). We will issue a COA only if Cargle makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Cargle must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quotations omitted). We review the district court's factual findings for clear error and its legal conclusions *de novo*. *English v. Cody,* 241 F.3d 1279, 1282 (10th Cir. 2001).

1. Jury Instructions & Sufficiency of the Evidence

Cargle argues the state court failed to properly instruct the jury as to the need for independent evidence to substantiate accomplice testimony given by another witness at Cargle's trials. Cargle requests a COA because he "believes this Court would resolve this issue differently." (Appellant's Amended Br. and Application for COA at 6.) Cargle also asserts the prosecution presented insufficient evidence to prove guilt on any of the charged offenses. Cargle requests a COA on what he describes as "textbook . . . insufficient evidence." (*Id.* at 4.) These issues were fully considered and properly rejected by the district

-3-

court. The correctness of its conclusions is not reasonably debatable. Cargle's third argument requires a little (but not much) more discussion.

2. Witness Confrontation

In determining whether Cargle was deprived of the right to confront and cross-examine a witness against him, we examine whether the OCCA's decision was contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), as determined by the Supreme Court, specifically C*rawford v. Washington*, 541 U.S. 36 (2004). The Fifth Amendment's Confrontation Clause prohibits the admission of testimonial hearsay unless the declarant is unavailable to testify and there was a prior opportunity for cross-examination. *Crawford*, 541 U.S. at 68. The Supreme Court did not define "testimonial," but noted "it applies at a minimum to prior testimony . . . at a former trial." *Id.*

Luke Jones testified for the prosecution at Cargle's first and second trials. At Cargle's third trial, he refused to testify. The state trial judge conducted an *in camera* hearing to question Jones on his unwillingness to testify and determine his availability as a witness. Jones stated he refused to testify because the State had allegedly not fulfilled promises that motivated his earlier testimony. He refused to answer questions about the case asked by the prosecution, the defense, and the judge. The judge told Jones he could hold him in contempt for not testifying. Over defense counsel's objection, the district judge determined Jones' refusal to testify made him an unavailable witness and allowed his prior

-4-

testimony, including cross-examination, to be read to the jury. Jones was never specifically ordered to testify and was not called to the stand.

The OCCA concluded Cargle's cross-examination of Jones in open court in the prior trials satisfied the Confrontation Clause and the testimony read to the jury exposed Jones' motivation for testifying. It noted "any statutory error relating to the trial judge's omission in specifically ordering Jones to testify is . . . harmless, considering the record, the weight of this additional testimony bearing on [Jones'] credibility, and the tenacious defense on [Cargle's] behalf . . ." (R. Doc. 1, Attachment A at 5.) Cargle cites no case law suggesting the OCCA's conclusion was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.[3] *Crawford* does not speak to the specific issue presented here – whether Jones was unavailable. Cargle's actual and sufficient cross examination of Jones at the prior trials satisfies any requirement for an opportunity to cross examine.

Cargle claims that while Jones' possible motive for previously implicating

---

[3] Cargle cites two cases for this proposition but they do not aid his arguments. In *Davis v. Alaska*, 415 U.S. 308, 318 (1973), the Court held that failure to allow questioning regarding a witness' probationary status to show a possible rationale for the witness' cooperation with the prosecution and identification of the defendant was improper. Here, Cargle was provided two opportunities to cross-examine Jones regarding the possible rationale for bias in his testimony and this cross-examination was read to the jury at Cargle's third trial. In *Napue v. Illinois*, 360 U.S. 264, 270 (1959), the Court held the prosecutor's failure to correct a witness' false statement that he was not receiving prosecutorial consideration for his testimony was improper. The agreement between Jones and the government involving his testimony, as well as Jones' frustration at the government's alleged failure to satisfy the agreement, was fully disclosed to the jury.

Cargle was exposed to the jury through the reading of prior testimony, a possible motive for Jones' latest refusal to implicate Cargle was not. Cargle asserts the judge kept this possible motive hidden from the jury by failing to require Jones to take the stand, refuse to testify, and subject himself to cross-examination regarding his refusal to testify. But in her R&R, the magistrate says:

> The *in camera* hearing, however, demonstrates Jones was not going to answer questions at all, and that his refusal to testify encompassed any testimony about his reasons for refusing to testify. Moreover, the *in camera* hearing indicates that additional reasons may have explained his refusal to testify, including a concern for his four children.

(Magistrate's Report and Recommendation at 9.) The record fully supports her assessment.

The empty formality of specifically ordering Jones to testify is not required. *See Jennings v. Maynard*, 946 F.2d 1502, 1505 (10th Cir. 1991) (a court's failure to order a witness to testify did not defeat a finding of unavailability where, inter alia, the witness insisted he would not obey a court order requiring him to testify). Calling Jones to the stand and forcing him to refuse to testify might have provided high drama but refusing to do so did not violate Cargle's right to confront the witnesses against him. As with the other issues the district court's reasons for refusing habeas relief on this issue are not subject to debate.

-6-

### 3. Cumulative Error

Cargle argues that to the extent we find the asserted errors harmless, their cumulative effect infected his trial and conviction. Because we find no error, there can be no cumulative effect and thus no harmful influence on his trial or conviction. *United States v. Caballero*, 277 F.3d 1235, 1250 (10th Cir. 2002) ("Cumulative-error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors.").

### B. Motion to Proceed *In Forma Pauperis*

In order to proceed *ifp*, Cargle was required to "show a financial inability to pay the required fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). Because Cargle has failed to make a nonfrivolous argument, we deny his request to proceed *ifp*. He is required to pay the full filing fee even though his request for a COA has been denied. *See Kinnell v. Graves,* 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of an appeal does not relieve appellant of the obligation to pay the appellate filing fee in full).

Cargle's request for a COA and motion to proceed *ifp* are **DENIED** and his appeal is **DISMISSED**.

           **Entered by the Court:**

           **Terrence L. O'Brien**
           United States Circuit Judge